**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SPECTRUM BRANDS INC.,<br><br>    Plaintiff, Counterclaim-<br>    Defendant<br><br>  v.<br><br>TRISTAR PRODUCTS INC., KISHORE MIRCHANDANI, individually and as trustee of AM KARMA 2021 FAMILY TRUST, ANJALI MIRCHANDANI, individually and as trustee of KM KARMA 2021 FAMILY TRUST, STEVEN SOWERS, as trustee of AM KARMA 2021 FAMILY TRUST and KM KARMA 2021 FAMILY TRUST, AM KARMA 2021 FAMILY TRUST, KM KARMA 2021 FAMILY TRUST, A&R REALTY ENTERPRISES LLC, CENTRE AVENUE LLC, AND MT. ANDERSON LLC,<br><br>    Defendants, Counterclaim-<br>    Plaintiffs. | Civil Action No. 25-0046-RGA |

## MEMORANDUM ORDER

Before me is Defendant Anjali Mirchandani's ("Anjali") and Defendant KM Karma 2021 Family Trust's ("KM Karma") Motion to Sever and Transfer Venue pursuant to 28 U.S.C. § 1404(a). (D.I. 102). I have considered the parties' briefing. (D.I. 103, 114, 117). For the reasons set forth below, this motion is DENIED.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The burden of establishing the need for transfer . . . rests with the movant. And, in ruling on [a defendant's]

1

motion the plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (internal citations omitted). Moreover, "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (cleaned up).

The Membership Interest Purchase Agreement ("MIPA") out of which this suit arises contains a forum selection clause that identifies each party as "irrevocably submit[ting] to the exclusive jurisdiction of . . . the United States District Court for the District of Delaware . . . for the purposes of any suit, action or other proceeding arising out of this Agreement." (MIPA § 10.15). The parties dispute whether this forum selection clause should bind Defendants Anjali Mirchandani and KM Trust (hereinafter "Defendants"), who are non-signatories to the MIPA.

Defendants state that the forum selection clause should not bind them because, under Third Circuit law, "a forum-selection clause 'can only be enforced by the signator[y] to [the] agreement[.]'" (D.I. 103 at 9 (quoting *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 407 (3d Cir. 2017))). That statement does not directly apply here, though, since the party seeking to enforce the forum selection clause—Spectrum—was a signatory to the agreement. In *Howmedica*, however, the Third Circuit also stated that a forum-selection clause could not be enforced against non-signatories: "There is . . . no presumption that [a party's] claims against [non-signatory parties] should be litigated in" the forum that has been designated by a given forum-selection clause. *Id.* Thus, Defendants argue, because they are non-signatories, the forum-selection clause should not be enforced against them. (D.I. 103 at 9).

Plaintiff correctly points out that a later Third Circuit case clarifies that Defendants' proffered reading of *In re Howmedica* is incorrect, however: "[The parties] read *Howmedica* as

2

adopting a 'bright-line' rule: *Atlantic Marine* applies only to *signatory* parties. . . . *Howmedica* did not go so far, and we reject" that reading. *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 70 (3d Cir. 2018) (cleaned up). "[N]on-signatories may be bound to contractual terms under traditional principles of contract and agency law." *Id.* at 62 n. 6. Defendants have thus failed to identify any federal case that would in all cases preclude enforcing forum-selection clauses against non-signatories. Provided that Defendants are swept up in the scope of the MIPA's forum-selection clause, it should be enforceable against them.

Under Third Circuit law, I must "use state law to determine the scope of a forum selection clause—that is, whether the claims and parties involved in the suit are subject to the clause. State law, therefore, typically governs whether the clause covers a particular claim, as well as whether the clause applies to a non-signatory as an intended beneficiary or closely related party." *Id.* at 58.

Under Delaware law[1]:

> [W]hether a non-signatory to an agreement should be bound by its forum selection clause [depends on]: (1) is the forum selection clause valid, (2) is the non-signatory a third-party beneficiary of the agreement or closely related to the agreement, and (3) does the claim at hand arise from the non-signatory's status related to the agreement?

---

[1] It may be the case that Delaware's choice-of-law rules would mean that some other state's law should govern whether Defendants constitute "closely related parties" to the MIPA. Even if that is the case, however, Defendants did not brief or so much as raise this issue, and the Third Circuit has held that "parties may waive choice-of-law issues" by failing to adequately "litigate the choice-of-law question before the District Court." *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 316 (3d Cir. 2014). Defendants' arguments appear to assume that Delaware law applies (*see* D.I. 117 at 6), and, at one point, Defendants even argue against the relevance of a case on the grounds that that case "analyzed [the closely related parties] doctrine under New York law, not Delaware law." (*Id.* at 3). Therefore, I will follow the parties' briefing and analyze this question under Delaware law.

3

*Carlyle Inv. Mgmt. LLC v. Moonmouth Co.*, 779 F.3d 214, 218 (3d Cir. 2015) (citing *Baker v. Impact Holding, Inc.*, 2010 WL 1931032, at *3 (Del. Ch. May 13, 2010)).

Plaintiff argues that Defendants "do not dispute the first or third elements." (D.I. 114 at 7). I think this is a fair characterization; Defendants do not conduct any analysis on those two elements in their opening brief, and their reply brief merely argues that Defendants "are not intended third-party beneficiaries or closely related parties of the MIPA." (D.I. 117 at 2). Therefore, the only outstanding question is whether Defendants are in fact third-party beneficiaries of the agreement or closely related to the agreement.

Under Delaware law, "A party is 'closely related' to an agreement if (1) the party receives a direct benefit from the agreement; or (2) it was foreseeable that the party would be bound by the agreement." *Norwest Venture Partners XIV, LP v. Andreacchi*, 2024 WL 4665414, at *5 (Del. Ch. Nov. 4, 2024). Plaintiff writes about a page and a half of analysis arguing that Defendants should be bound, because they received a direct benefit from the MIPA. (D.I. 114 at 7-9). Plaintiff also notes that, in the alternative, "It . . . was foreseeable that [Defendants] would be subject to Delaware courts in any MIPA-related dispute based on these facts." (*Id.* at 9).

Defendants argue, based mainly on two cited cases—*McGraw-Hill* and *Hadley v. Shaffer*—that Defendants should not be considered "intended third-party beneficiaries or closely related parties" to the MIPA. (D.I. 117 at 2). Neither of these two cases are availing.

First, Defendants themselves, in analyzing *McGraw-Hill*, aver, "Plaintiff cites to [*McGraw-Hill*] to argue that the 'closely related parties' doctrine is applicable in this case. As a preliminary matter in *McGraw-Hill* the Third Circuit analyzed this doctrine under New York law, not Delaware law." (*Id.* at 3). Defendants' first claim is wrong. Plaintiff cites to *McGraw-Hill*, not to argue that the closely-related parties doctrine is applicable in this case, but rather to

4

demonstrate that the Third Circuit has not categorically disclaimed the applicability of this doctrine as a matter of law. (*See* D.I. 114 at 6-7).

Defendants' second claim is correct: *McGraw-Hill* analyzed the closely-related parties doctrine under New York law, not Delaware law. Defendants miss the implication of their own statement, however, when they proceed to argue at length that *McGraw-Hill* actually shows that there is not "a single provision of the MIPA which demonstrates that the signatory parties expressly intended [Defendants] to be direct beneficiaries of the MIPA." (D.I. 117 at 4). Even if Defendants were correct in so analyzing, they would, according to their own argument, be correct only under New York law. But Delaware law is applicable here, so *McGraw-Hill* is otherwise irrelevant to this case.

Second, Defendants argue that *Hadley v. Shaffer*, 2003 WL 21960406 (D. Del. Aug. 12, 2003) shows that Defendants were not intended beneficiaries to the MIPA and thus not bound by its forum-selection clause. (D.I. 117 at 4). The *Hadley* court found that the plaintiffs, "[a]s third-party beneficiaries, . . . . [were] bound by the terms of the Merger Agreement, including the forum selection clause." *Hadley*, 2003 WL 21960406, at *6. Defendants argue that the circumstances that made the defendants in Hadley intended beneficiaries are not present in this case. Even assuming arguendo that Defendants are correct in this regard, Defendants' argument fails, because a party can be bound by an agreement if the party is a closely-related party even if it is not an intended beneficiary.

I repeat Delaware law: "A party is 'closely related' to an agreement if (1) the party receives a direct benefit from the agreement; or (2) it was foreseeable that the party would be bound by the agreement." *Norwest Venture Partners*, 2024 WL 4665414, at *5. The above proposition is disjunctive. In their analysis of *Hadley*, however, Defendants fail to present any

5

argument as to whether it was foreseeable that they would be bound by the MIPA. Indeed, the root word, "foresee," and any variations of the word, do not appear anywhere in either Defendants' Opening Brief or in Defendants' Reply Brief.

The *Hadley* court stated, "Even if [the plaintiffs] are not third-party beneficiaries . . . [they] are closely related to the [agreement] for the reasons discussed in the context of the . . . third-party beneficiary analysis. Accordingly, the Court concludes that [the plaintiffs] should have foreseen governance by the forum selection clause." *Hadley*, 2003 WL 21960406, at *6. That is, the *Hadley* court concluded that the reasons why plaintiffs were third-party beneficiaries were also sufficient to enable the court to find that it was foreseeable that the plaintiffs would be bound by the agreement. The *Hadley* court did not say, however, that it would be foreseeable that a party would be bound by an agreement only if a party were also a third-party beneficiary, and it would be quite unreasonable to assume that one half of a disjunctive condition would be swallowed up by the other. Thus, even if Defendants had successfully distinguished *Hadley* by arguing that they did not receive a direct benefit from the MIPA, they did not, by that fact alone, also successfully argue that it was not foreseeable that Defendants would be bound by the MIPA.

Defendants nowhere make any argument that it was not foreseeable that they would be bound by the MIPA's forum-selection clause. "[I]t is the responsibility of neither the District Court nor [an Appeals] Court to make the parties' arguments for them; therefore, we will not engage in a freewheeling investigation into . . . state law without meaningful briefing on the subject." *Sang Geoul Lee v. Won Il Park*, 720 F. App'x 663, 666 (3d Cir. 2017). It was Defendants' burden to raise the argument that it was not foreseeable under Delaware law that they would be so bound, given that it is their burden, as the party moving to transfer venue, to demonstrate the need for transfer. *See Jumara*, 55 F.3d at 879. Defendants have failed to do so

6

and thus forfeited any such argument. I find that Defendants are bound by the forum-selection clause.

As such, *Atlantic Marine* applies to this case, and I will decline to transfer it barring the showing of the existence of "extraordinary circumstances unrelated to the convenience of the parties." *Atl. Marine*, 571 U.S. at 63. Defendants do not indicate the existence of any such extraordinary circumstances.

For the aforementioned reasons, Defendants' Motion to Sever and Transfer (D.I. 102) is DENIED.

IT IS SO ORDERED.

Entered this 11 day of August, 2026

United States District Judge

7